# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**JESSICA COREY,**
**Plaintiff Below, Petitioner**

**v.) No. 24-ICA-195**    (Cir. Ct. Marshall Cnty. Case No. CC-25-2023-C-17)

**WAL-MART STORES EAST, LP,**
**Defendant Below, Respondent**

**FILED**
**February 28, 2025**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**MEMORANDUM DECISION**

Petitioner Jessica Corey appeals a February 12, 2024, order from the Circuit Court of Marshall County which granted Respondent Wal-Mart Stores East, LP's ("Wal-Mart") motion to dismiss. Wal-Mart filed a response.[1] Ms. Corey filed a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds there is error in the circuit court's decision but no substantial question of law. Therefore, this case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure for resolution in a memorandum decision. For the reasons set forth below, the circuit court's decision is affirmed in part, vacated in part, reversed in part, and remanded.

On March 3, 2023, Ms. Corey filed her complaint in the Circuit Court of Marshall County alleging the following claims: Count I for negligence and premises liability; Count II for statutory human rights violations; Count III for negligent hiring, retention, and supervision; Count IV for assault and battery; Count V for battery; Count VI for harassment; Count VII for sexual abuse; and Count VIII for fraud/misrepresentation of security. Ms. Corey's claims arise from an alleged incident which occurred at the Wal-Mart located in Moundsville, West Virginia. The complaint named Wal-Mart and Nicholas M. Ostrander,[2] who was alleged to be a Wal-Mart employee at the time of this incident, as defendants.

---

[1] Ms. Corey is represented by Ryan J. Umina, Esq., Beth L. Umina, Esq., and Seth F. Huy, Esq. Wal-Mart is represented by Heather M. Noel, Esq., and Sara E. Brown, Esq.

[2] Mr. Ostrander did not participate in this appeal.

1

On April 29, 2021, Ms. Corey alleged she drove to Wal-Mart to shop. After she completed her shopping, Ms. Corey alleged she returned to her vehicle, learned she lost her car keys, and then went back inside the store to inform the store manager of her situation. She allegedly attempted to persuade the manager to allow her to look for the keys alone or to accompany an employee to look for the keys. The complaint states the manager refused to allow Ms. Corey to look for the keys but directed an employee to look for them. Ms. Corey claims that a short time later, she was told the keys were not located and she had to leave the store. The complaint alleged Ms. Corey had no other keys to her vehicle, lived a substantial distance from the store, and that the store manager knew that without her car keys, she had no other way home. She also alleged it was dark outside and that she was afraid to walk home when it was so late.

Since she was not permitted to look in the store, Ms. Corey returned to her vehicle to search for her keys and alleges that Mr. Ostrander, a Wal-Mart employee, walked with her to her car. She alleged Mr. Ostrander stated he was going to help her search for her keys, but that she told him she did not need his help and asked him to return to the store. Ms. Corey alleged that Mr. Ostrander refused to return to the store and instead sexually assaulted and harassed her by grabbing and squeezing her vagina and the surrounding area with his hand while she was bent over searching her car for the missing keys. She further alleged that after the sexual assault incident she was forced to walk home alone in the dark, and that her car keys were in the store the entire time, but that Wal-Mart's employees refused to look for her keys in a reasonable manner, if their personnel looked at all.

Ms. Corey alleged she reported the sexual assault to both the police and Wal-Mart the next day. She alleged Mr. Ostrander was charged with sexual abuse in the first degree and battery and admitted to sexually assaulting her. On May 6, 2021, she returned to the store to shop and alleged Mr. Ostrander approached her and chest bumped her in a threatening manner while she was in the self-checkout line. Ms. Corey alleged that this conduct constituted a second physical assault and battery by Mr. Ostrander while he appeared as an employee, for which Wal-Mart did nothing. Ms. Corey also alleged that Wal-Mart should have known that criminal activity occurs in its parking lots and that Mr. Ostrander was known to sexually harass and sexually assault females. She alleged that other incidents with Mr. Ostrander occurred prior to his assault against her. Ms. Corey alleged that Wal-Mart took no action to provide reasonable and necessary security of its parking lot and store to protect her from danger, including sexual assault.

On June 13, 2023, Wal-Mart filed its motion to dismiss arguing the complaint should be dismissed pursuant to Rule 12(b)(6) of the West Virginia Rules of Civil Procedure for failure to state a claim upon which relief can be granted. Ms. Corey filed a response and Wal-Mart filed a reply. On February 12, 2024, the circuit court entered an order granting Wal-Mart's motion to dismiss and dismissed Ms. Corey's claims against

Wal-Mart without prejudice.[3] The circuit court found that Wal-Mart did not owe Ms. Corey a duty; that Ms. Corey failed to plead sufficient facts related to her allegations that Wal-Mart should have known of the prior allegations against Mr. Ostrander; and that Mr. Ostrander's actions were intentional and outside the scope of his employment so that Wal-Mart cannot be held vicariously liable. It is from this order that Ms. Corey now appeals.[4]

This Court reviews a circuit court's rulings on a motion to dismiss under a de novo standard of review. Syl. Pt. 2, *State ex rel. McGraw v. Scott Runyan Pontiac-Buick, Inc.*, 194 W. Va. 770, 461 S.E.2d 516 (1995) ("Appellate review of a circuit court's order granting a motion to dismiss a complaint is *de novo*."). "The trial court, in appraising the sufficiency of a complaint on a Rule 12(b)(6) motion, should not dismiss the complaint unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Syl. Pt. 3, *Chapman v. Kane Transfer Co., Inc.*, 160 W. Va. 530, 236 S.E.2d 207 (1977) (citation omitted). With this standard in mind, we turn to the arguments at issue.

On appeal, Ms. Corey asserts four assignments of error. First, she argues the circuit court failed to apply the correct legal standard in reviewing the motion to dismiss. For her second and third assignments of error, she argues the circuit court failed to find that Wal-Mart owed her a duty of care and failed to find that a crime occurring in Wal-Mart's parking

---

[3] Although the dismissal was without prejudice, the Supreme Court of Appeals of West Virginia has held that "[i]f the effect of a dismissal of a complaint is to dismiss the action, such that it cannot be saved by amendment of the complaint, or if a plaintiff declares [her] intention to stand on [her] complaint, an order to dismiss is final and appealable." Syl. Pt. 1, *Pittsburgh Elevator Co. v. W. Va. Bd. of Regents*, 172 W. Va. 743, 310 S.E.2d 675 (1983). Ms. Corey has apparently elected to stand on her complaint.

[4] The February 12, 2024, order on appeal did not fully resolve the underlying case, as it did not resolve Ms. Corey's claims against Mr. Ostrander. Additionally, the order was not expressly certified as a final order pursuant to Rule 54(b) of the Rules of Appellate Procedure. The Supreme Court of Appeals of West Virginia has held that the absence of an express Rule 54(b) certification "will not render the order interlocutory and bar appeal provided that this Court can determine from the order that the trial court's ruling approximates a final order in its nature and effect." Syl. Pt. 2, in part, *Durm v. Heck's, Inc.*, 184 W. Va. 562, 401 S.E.2d 908 (1991); Syl. Pt. 1, *State ex rel. McGraw v. Scott Runyan Pontiac-Buick, Inc.*, 194 W. Va. 770, 461 S.E.2d 516 (1995) (extending *Durm* to orders granting a motion to dismiss under Rule 12(b)(6)). In the order on appeal, the circuit court dismissed all of Ms. Corey's claims against Wal-Mart, thus resolving the case as to Wal-Mart. Accordingly, we find that the circuit court's February 12, 2024, order approximates a final order in nature and effect. Therefore, this Court has jurisdiction over this appeal under West Virginia Code § 51-11-4(b)(1).

lot was foreseeable. We will consolidate these assignments of error for clarity. *See generally Tudor's Biscuit World of Am. v. Critchley*, 229 W. Va. 396, 402, 729 S.E.2d 231, 237 (2012) (per curiam) (allowing consolidation of related assignments of error).

In evaluating a motion to dismiss, a circuit court must "presume all of the plaintiff's factual allegations are true" and must "construe those facts, and inferences arising from those facts, in the light most favorable to the plaintiff." *Mountaineer Fire & Rescue Equip., LLC v. City Nat'l Bank of W. Va.*, 244 W. Va. 508, 520, 854 S.E.2d 870, 882 (2020) (citing *Chapman*, 160 W. Va. at 538, 236 S.E.2d at 212). Rule 8(f) of the West Virginia Rules of Civil Procedure states that "[a]ll pleadings shall be so construed as to do substantial justice." Upon review, we find that the circuit court failed to apply the appropriate legal standard to Ms. Corey's count I claim for negligence and premises liability because it did not take her allegations as true and construe those facts, and inferences arising from those facts, in the light most favorable to her. In her complaint, Ms. Corey alleged Wal-Mart knew she had no way home without her missing keys, refused to allow her to search inside the store for them or conduct its own reasonable search for them, and then ejected her from the store. She further alleged that she was vulnerable to known dangers in the Wal-Mart parking lot due to prior related criminal activity that occurred there. The complaint contained additional allegations that Wal-Mart was aware of Mr. Ostrander's prior tendency toward harassment of women, and that he had engaged in prior predatory acts on Wal-Mart's premises. The circuit court failed to consider that Wal-Mart failed to provide reasonable and necessary security in its parking lot.

Moreover, in contrast to the circuit court's blanket finding that Wal-Mart owes no duty of care to Ms. Corey, we observe that Wal-Mart, as the premises' owner/occupant "owe[s] any non-trespassing entrant a duty of reasonable care under the circumstances." Syl. Pt. 4, in part, *Mallet v. Pickens,* 206 W.Va. 145, 522 S.E.2d 436 (1999). The Supreme Court of Appeals of West Virginia ("SCAWV") has explained that:

> In determining whether a defendant in a premises liability case met his or her burden of reasonable care under the circumstances to all non-trespassing entrants, the trier of fact must consider (1) the foreseeability that an injury might occur; (2) the severity of injury; (3) the time, manner and circumstances under which the injured party entered the premises; (4) the normal or expected use made of the premises; and (5) the magnitude of the burden placed upon the defendant to guard against injury.

*Id.* at 146, 522 S.E.2d at 437, Syl. Pt. 6. In contrast, "[g]enerally, owners or occupiers of land have no duty to protect visitors to their property from the deliberate criminal conduct of third parties 'because the foreseeability of risk is slight, and because of the social and economic consequences of placing such a duty on a person.'" *Strahin v. Cleavenger*, 216 W. Va. 175, 183, 603 S.E.2d 197, 205 (2004) (quoting *Miller v. Whitworth,* 193 W.Va. 262, 266, 455 S.E.2d 821, 825 (1995)). However, the SCAWV has recognized that:

4

there are circumstances which may give rise to such a duty, and these circumstances will be determined by this Court on a case-by-case basis. A landlord's general knowledge of prior unrelated incidents of criminal activity occurring in the area is not alone sufficient to impose a duty on the landlord. However, a duty will be imposed if a landlord's affirmative actions or omissions have unreasonably created or increased the risk of injury to the tenant from the criminal activity of a third party.

Syl. Pt. 6, in part, *Miller v. Whitworth*, 193 W. Va. 262, 455 S.E.2d 821 (1995).

In this case, we find that Wal-Mart could be held liable, so long as the additional factors set forth in *Mallet* beyond foreseeability are established, because Ms. Corey alleged that related crimes of a similar nature and some involving the same perpetrator had occurred on Wal-Mart's premises. Therefore, we believe that the complaint's Count I claim for negligence and premises liability is adequate to allege a cause of action and withstand a Rule 12(b)(6) motion, and accordingly, we reverse the circuit court's dismissal of the claims alleged in Count I.

With regard to Ms. Corey's negligent hiring, retention, and supervision claims, Count III of the complaint clearly alleges that Mr. Ostrander has a history of assaulting and sexually harassing women, and that Wal-Mart was aware of that history when it hired him. The complaint further alleges that Mr. Ostrander committed sexual harassment and discrimination against women on Wal-Mart's premises after he was hired, and that Wal-Mart knew or should have known that Mr. Ostrander was unfit for his position that permitted him access to women, had a duty to protect women from Mr. Ostrander, and was reckless and grossly negligent in hiring, retaining, and supervising Mr. Ostrander as an employee. The SCAWV has recognized that to hold an employer liable for negligent hiring or retention, the employer must have been able to foresee "the risk caused by hiring or retaining an unfit person." *McCormick v. W. Va. Dep't of Pub. Safety*, 202 W. Va. 189, 193, 503 S.E.2d 502, 506 (1998). Again, the circuit court failed to presume these allegations were true and did not construe these facts in the light most favorable to Ms. Corey when analyzing whether she stated a claim for which relief could be granted. As pled, we find that Ms. Corey alleged sufficient facts to support a claim for negligent hiring or retention to withstand a Rule 12(b)(6) motion. As a result, the circuit court's dismissal of Ms. Corey's Count III claim for negligent hiring or retention is reversed.[5]

---

[5] We limit the reversal of Count III to Ms. Corey's claims of negligent hiring or retention. The SCAWV has explained with respect to a negligent supervision claim that "underlying conduct of the supervised employee that also is negligent" is a "prerequisite." *C.C. v. Harrison Cnty. Bd. of Educ.*, 245 W. Va. 594, 606, 859 S.E.2d 762, 774 (2021). Where the employee's underlying conduct is intentional rather than negligent, that conduct cannot form the basis of a negligent supervision claim. *See id.* at 607, 859 S.E.2d at 775.

We turn next to the circuit court's dismissal of Counts IV for assault and battery, Count V for battery, Count VI for harassment, and Count VII for sexual abuse. In these counts, the complaint alleges that Mr. Ostrander intentionally made unwanted physical, sexual contact with Ms. Corey without her consent. Although not explicitly pled in these individual counts, the complaint contains general allegations that the acts of Mr. Ostrander were the acts of Wal-Mart and that Wal-Mart is liable for those acts. However, upon review, we find that these counts fail to state a claim for which relief can be granted.

"The general rule is that an employer is responsible for the all of the acts of its agents or employees that are done within the course and scope of their employment." *Travis v. Alcon Lab'ys, Inc.*, 202 W. Va. 369, 380–81, 504 S.E.2d 419, 430–31 (1998). The SCAWV has noted that

> [A] servant is acting within the course of his employment when he is engaged in doing, for his master, either the act consciously and specifically directed or any act which can fairly and reasonably be deemed to be an ordinary and natural incident or attribute of that act or a natural, direct and logical result of it. If in doing such an act, the servant acts negligently, that is negligence within the course of the employment.

*Courtless v. Jolliffe*, 203 W. Va. 258, 262, 507 S.E.2d 136, 140 (1998). The SCAWV has "emphasized the need to examine the relation which the act bears to the employment and, in the syllabus, explained that '[a]n act specifically or impliedly directed by the master, or any conduct which is an ordinary and natural incident or result of that act, is within the scope of the employment.'" *Id.* (quoting Syl. Pt. 4, *Cochran v. Michaels*, 110 W.Va. 127, 157 S.E. 173 (1931)). Here, we find the circuit court correctly dismissed Ms. Corey's Count IV claim for assault and battery; Count V claim for battery; Count VI claim for harassment; and Count VII claim for sexual abuse because Wal-Mart cannot be held vicariously liable for Mr. Ostrander's actions. The complaint alleges Mr. Ostrander intentionally sexually assaulted and harassed Ms. Corey, and these actions were not done to further Wal-Mart's interests. His acts neither related to Wal-Mart's business purpose nor were naturally incident to its business. As a result, the circuit court was correct in finding that Mr. Ostrander was acting outside the scope of his employment and Wal-Mart cannot be vicariously liable for these actions. The circuit court's dismissal of Counts IV through VII is affirmed.

---

As Ms. Corey's allegations against Mr. Ostrander clearly allege intentional conduct, her negligent supervision claim necessarily fails. Accordingly, we affirm the dismissal of Count III as to the claim of negligent supervision.

Finally, for assignment of error four, Ms. Corey argues the circuit court failed to address her Count II claims for statutory human rights violations. We agree. The circuit court's order neither provides any conclusions of law nor makes sufficient findings of fact to support its judgment related to this claim. The circuit court also failed to address Ms. Corey's Count VIII claim for fraud and misrepresentation of security. The circuit court did not make clear findings of fact related to either of these claims to assist this Court in resolving these disputes. Therefore, we remand the matter to the circuit court with directions to address Counts II and VIII through the entry of an amended order that contains sufficient findings of fact and conclusions of law to permit meaningful appellate review.

Based on the foregoing, we reverse the circuit court's dismissal of Ms. Corey's Count I claim for negligence and premises liability and Count III claim for negligent hiring, retention and supervision because the complaint pleads sufficient facts to support these claims. Next, we affirm the circuit court's dismissal of Ms. Corey's Count IV for assault and battery, Count V for battery, Count VI for harassment, and Count VII for sexual abuse because the complaint alleges Mr. Ostrander engaged in intentional criminal conduct which was outside the scope of his employment. Finally, we vacate the circuit court's findings regarding Ms. Corey's Count II claims for statutory human rights violations and Count VIII claim for fraud and misrepresentation of security and remand to the circuit court with instructions to make sufficient findings of fact and conclusions of law related to these claims to permit meaningful appellate review.

Affirmed, in part, Vacated, in part, Reversed, in part, and Remanded.

**ISSUED:** February 28, 2025

**CONCURRED IN BY:**

Chief Judge Charles O. Lorensen
Judge Daniel W. Greear

Judge S. Ryan White, not participating

7